**UNITED STATES DISTRICT CURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| JOHN FRALISH, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 3:24-cv-00642<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** |

Plaintiff, John Fralish, on behalf of himself and all similarly situated individuals, by counsel, hereby files the following complaint against the Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") for its violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. §§ 1681, *et seq.*, the Fair Credit Reporting Act ("FCRA").

2. This cause arises from the unlawful conduct of Equifax in systematically refusing to provide consumers with the consumer disclosures to which they are entitled, including Plaintiff's consumer disclosure, in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681g(a).

1

3. The FCRA imposes important procedural protections regarding acquisition of consumer disclosures, which are designed, in part, to ensure that consumers may properly examine their consumer files for accuracy and so that a consumer reporting agency can ensure it is only providing consumer files to the consumers about whom the report relates in order to protect consumer privacy.

4. Equifax refused to provide Mr. Fralish with his consumer disclosure upon receiving a valid written request together with a copy of Mr. Fralish's government-issued identification required by Equifax.

5. Mr. Fralish did not dispute any information in his Equifax report in the October 2023 request, but merely requested a copy of the disclosure to which he was entitled.

6. In violating the FCRA as explained in this Complaint, Defendant caused Mr. Fralish to be injured by failing to provide the consumer disclosure to him which deprived him of knowledge of the information Equifax maintained in his consumer file.

7. The FCRA was specifically designed to protect Mr. Fralish in his right to know the information in his consumer file, to dispute inaccurate information, to know the third parties with whom Equifax has shared his consumer information, among other rights.

8. Mr. Fralish has a right to privacy of his personal consumer and credit information granted by Congress and specifically engrossed in the statute itself, and he has a right to examine the third parties with whom Equifax shared his consumer information to ensure that it was only shared for a permissible purpose allowed by the FCRA.

9. Mr. Fralish's injuries include, but are not limited to, deprivation of his

common law and statutory right to know the information in his consumer credit report, which prevented him from being able to examine the information in his Equifax consumer file, the identity of third parties with whom Equifax shared such information, and to know whether any inaccurate information should be disputed.

## JURISDICTION

10. The Court has federal question jurisdiction conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper because all relevant events occurred in this District.

12. Plaintiff lives in this district and Defendant has availed itself of this District by reaching into Indiana and regularly conducting business in this District. Substantially all of the events that give rise to the causes of action in this Complaint took place in this District and Division.

## PARTIES

13. Plaintiff is a natural person and resident of St. Joseph County, Indiana. He is a consumer as defined by the FCRA. 15 U.S.C. § 1681a(c).

14. Defendant Equifax is a foreign corporation registered and doing business in the State of Indiana. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

15. Equifax is a nationwide credit reporting agency ("CRA") governed by the FCRA, 15 U.S.C. § 1681a(f).

16. Equifax's violations were not made in good faith conduct of their business, but was made intentionally or recklessly in disregard of the Plaintiff's consumer rights because the Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## STATEMENT OF FACTS

17. On or about October of 2023, Plaintiff sent a request to Equifax for a physical paper copy of his full consumer file.

18. In his request, he provided a copy of the front and back of his Indiana driver's license.

19. In his request, he provided his social security number, address, date of birth, and driver's license number.

20. Plaintiff sent the request to Equifax in the United States Postal Service, certified.

21. Instead of sending Plaintiff a copy of his consumer disclosure or consumer file, by letter dated November 5, 2023, Equifax sent Plaintiff the "results of the dispute you recently filed."

22. Plaintiff had not sent Equifax a dispute of any kind in the October 2023 request.

23. Equifax's letter stated that it had contacted the "reporting" company and provided "relevant information."

24. However, there was no reporting company and no relevant information because Plaintiff had not sent a dispute to Equifax.

25. Equifax provided "Results of our reinvestigation."

26. Although Plaintiff had already submitted a copy of his driver's license, and that Equifax verified that the date of birth, social security number, and address were correct, Equifax wrote in the results section that the Plaintiff should submit a copy of his social security card, driver's license, and/or official document to update his name.

27. Equifax's response letter also stated that the Plaintiff should be specific with his concerns, for instance including the account names, numbers and in his dispute.

28. Plaintiff did not have a dispute with any information that Equifax was reporting at that time. He merely wanted his disclosure in October of 2023.

29. In the past, Plaintiff experienced injuries directly caused by consumer reporting errors as a result of identity theft.

30. Since that time, Plaintiff has been diligent about checking his consumer disclosures, disputing when information is inaccurate, and suing when consumer reporting agencies and users have violated the federal consumer protections statutes.

31. Upon information and belief, Equifax did not simply send the wrong response to the Plaintiff instead of providing his full consumer disclosure as it was required by the FCRA.

32. Upon information and belief, Equifax purposely withheld the Plaintiff's consumer disclosure.

33. Upon information and belief, in addition to plain language in the FCRA, Defendant obtained or had available to it substantial written material that informed it of its duties under the FCRA.

34. Indeed, Equifax has previously been sued for its violation of the obligation to comply with the FCRA's disclosure requirements.

35. Despite knowing of these legal obligations, Equifax acted consciously, recklessly, and willfully in breaching its known duties to provide a full file disclosure to the Plaintiff.

36. When Equifax sends non-responsive form letters to consumers instead of a full file disclosure, despite receiving a valid request and sufficient proof of identity, it is done for the purpose of granting a financial benefit to Equifax.

37. Defendant's conduct alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA all designed to make more money for itself while depriving consumers of their rights to consumer information that Equifax maintains and sells about them.

38. It is especially egregious where, as here, the Plaintiff is trying to learn whether there is inaccurate information in his consumer file as part of his ongoing vigilance of protecting himself against identity theft.

39. Upon information and belief, Defendant readily sells consumer information to its subscribers with simple identifying information such as name and address, but refused to provide Plaintiff with his consumer disclosure information when he requested it.

40. Instead of sending the requested information, Defendant sent non-responsive communications utterly unrelated to his request.

41. Upon information and belief, Defendant, as a matter of policy and procedure, fails to provide such mandatory disclosures to all other consumers situated similarly to

6

Plaintiff who request the same consumer information for reasons known only to Equifax.

42. Defendant's failure to provide the required FCRA information to Plaintiff and the putative class members injured Plaintiff and the putative class members because it deprived them of timely information that Congress mandated they receive.

43. Plaintiff and the putative class members have a common law right to know the information in their consumer reports. Congress sought to enhance the protection of that right by enacting the FCRA and incorporating many consumer-oriented safeguards, including the explicit requirement that, upon request, a Credit Reporting Agency (such as Defendant) provides "[a]ll information in the consumer's file at the time of the request…" 15 U.S.C. § 1681g(a)(1).

44. Defendant further caused Plaintiff and all members of the putative class to be injured by depriving them of their common law and statutory right to know the information in their consumer credit reports. This deprivation is a harm which the FCRA was enacted to prevent. This harm caused Plaintiff injury and resulting damages in the form of anxiety, frustration, confusion, mental pain and anguish, and embarrassment.

45. Defendant's failure to provide the Plaintiff with the information in his credit file is not excused by any exception in the FCRA.

46. Defendant's conduct against Plaintiff was willful.

47. Defendant's procedures and conduct were carried out as Defendant intended and were not a mere accident or mistake. Defendant's actions constituted its standard procedures and policy of conducting business.

48. Defendant is well aware of its legal obligations under the FCRA. These

obligations are well established in the plain language of the FCRA, judicial decisions interpreting the Act, and the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

49. Despite knowing of these legal obligations, Defendant acted consciously and willfully in breaching its known duties and depriving Plaintiff of his rights under the FCRA.

50. Defendant's willful conduct entitles Plaintiff and all persons similarly situated to recover punitive damages, statutory damages, actual damages, and costs and attorneys' fees for their violations of the FCRA. 15 U.S.C. § 1681n

51. In the alternative, Defendant negligently failed to comply with the Fair Credit Reporting Act, in violation of 15 U.S.C. § 1681o.

52. Defendant's negligent violation of the FCRA entitles Plaintiff and all persons similarly situated to recover actual damages and costs and attorneys' fees for its violations of the FCRA.

53. The number of individuals whose requests for mandatory disclosures that Defendant has illegally ignored (similar to Plaintiff) likely numbers in the thousands based on the fact that the Defendant is one of the largest data traffickers in the United States, and possibly the world.

## COUNT I
**CLASS CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681g**

54. Plaintiff realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if they were fully set out herein.

55. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this claim for himself and on behalf of a class initially defined as:

   a. **§ 1681g(a)(1) Failure to Disclose Class**

   All natural persons residing in the United States: (1) who, within five years prior to the filing of the Complaint through the date of the class certification; (2) requested disclosure of consumer information on their consumer files from Defendant; (3) where Defendant failed to provide the information required to be disclosed by 15 U.S.C. 1681g.

   The Plaintiff is a member of this class.

56. **Numerosity: Fed. R. Civ. P. 23(a)(1).** Plaintiff alleges that the class members are so numerous that joinder of all is impractical. Because Equifax is one of the largest consumer reporting agencies and data brokers in the United States, it likely has refused to provide disclosures to many thousands of consumers who requested disclosure like the Plaintiff. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant, including email addresses and postal addresses. The class members may be notified of the pendency of this action through mail and/or email.

57. **Predominance of Common Questions of Law or Fact: Fed. R. Civ. P. 23(a)(2).** Common questions of both law and fact exist as to all members of the putative class. There are no factual or legal issues that differ between the putative class members. These questions predominate over questions affecting only individual class members. The principal issues are: (a) whether Plaintiff and each putative class member sent valid

9

requests for mandatory disclosures under 15 U.S.C. § 1681g(a), (b) whether Defendant thereafter failed to provide such mandatory disclosures; and (c) whether Defendant's violations were reckless, knowing or intentionally committed in conscious disregard for the rights of the Plaintiff and putative class members or whether it was merely negligent.

58. **Typicality. Fed. R. Civ. P. 26(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Although the claims of the Plaintiff and class members do not need to be identical, in this case, the Plaintiff's claims are identical to the putative class members. Defendant failed to provide Plaintiff and each class member with statutorily mandated disclosures upon request in direct violation of the FCRA. The Plaintiff's claim and the class member claims are based on the same facts and legal theories.

59. **Adequacy of Representation. Fed. R. Civ. P. 23(b)(3).** Both Plaintiff and his counsel are adequate to represent the interests of the class. Plaintiff's interests are coincidental, and are not antagonistic, to the interest of the class members. Plaintiff has retained experienced counsel who are competent in both class action litigation and the Fair Credit Reporting Act. Neither Plaintiff nor counsel have interests that prevent vigorous prosecution of the case on behalf of the class.

60. **Superiority. Fed. R. Civ. P 23(b)(3).** Questions of law and fact common to the Class members predominate over question affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be next to impossible for all class members to each find a lawyer and afford individual litigation. Individualized litigation

presents the possibility for inconsistent outcomes and contradictory judgments, increases delay and expense to all parties and to the courts. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based on a single set of proofs.

61. Plaintiff explicitly requested information to which he was statutorily entitled to receive from Defendant.

62. Plaintiff fully complied with the requirements of 15 U.S.C. 1681g(a) and proper identification under 1681h(a)(1) in providing adequate identification.

63. Defendant failed to comply with the FCRA in responding to Plaintiff, failing to include the disclosures mandated by 15 U.S.C. 1681g and furthermore making the decision to waste Plaintiff's time by providing an utterly irrelevant response dealing with a non-existent dispute.

64. Defendant's decision to refuse Plaintiff the mandatory information was either intentional, or Defendant cared so little about the duties owed to the Plaintiff under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant negligently failed to comply with the Fair Credit Reporting Act in illegally providing Plaintiff's credit report, in violation of 15 U.S.C. § 1681o.

65. Defendant caused Plaintiff and all members of the putative class to be injured by depriving them of their common law and statutory right to know the information in their consumer credit reports. This deprivation is a harm which the FCRA was enacted to prevent. This harm caused Plaintiff damages in the form of preventing the consumers from

knowing the information in their files, whether it is accurate or inaccurate, and to whom Defendant sold or shared personal and private information.

66. Other injuries include anxiety, frustration, confusion, mental pain and anguish, lost time, and lost labor.

67. Plaintiff and the class are entitled to recover statutory and punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n & 1681o.

WHEREFORE, the Plaintiff and the putative class members demand judgment for statutory and punitive damages; attorney's fees and costs; pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted: August 2, 2024.

**CONSUMER ATTORNEYS**

By: *s/ James Ristvedt*
James Ristvedt, AZ Bar #035938
8095 N. 85th Way
Scottsdale, AZ 85258
E: jristvedt@consumerattorneys.com
T: (480) 626-1956
F: (718) 715-1750

*Attorneys for Plaintiff John Fralish,
on behalf of himself and others
similarly situated*